BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
SUNDEEP R. PATEL
Special Assistant United States Attorney

    160 Spear Street, Suite 800
    San Francisco, CA 94105
    Telephone: (415) 977-8981
    Facsimile: (415) 977-8873
    Email:  Sundeep.Patel@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| MICHAEL G. COTTLE, ) | CASE NO. 10-1886 CKD |
| ) | |
|     Plaintiff, ) | STIPULATION AND ORDER |
| vs. ) | TO REOPEN |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
|     Defendant.[1] ) | |

    The parties hereby stipulate, through their undersigned attorneys, and with the approval of the Court, that this case shall be reopened.

    On March 10, 2011, pursuant to the stipulation of the parties, this Court remanded the instant case to the Commissioner for a new hearing. The parties stipulated to remand this case

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

because Defendant was unable to prepare the certified administrative record the hearing file being unavailable. The proceedings on remand have culminated in an April 20, 2012 decision unfavorable to Plaintiff.

Now that the administrative proceedings have concluded, reopening is necessary. In a sentence-six remand case, the Court retains jurisdiction following the remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to the court following completion of the administrative proceedings on remand so that the court may enter a final judgment or, as in this case, a dismissal); *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

*Carrol v. Sullivan*, 802 F.Supp. 295, 300 (C. D. Cal. 1992) (*paraphrasing and quoting Melkonyan*).

It is therefore appropriate to reopen this case in order to resolve the Court's sentence-six jurisdiction. Upon reopening, Defendant will serve the certified administrative record within 120 days of this Court's order.

//
//
//

                                  Respectfully submitted,

Dated: *June 4, 2013*            LAW OFFICES OF HAROLD HADLEY

                             By: */s/ Sundeep Patel for Jesse Kaplan\**
                                 *\*As authorized by email on June 4, 2013*
                                 JOSEPH C. FRAULOB
                                 Attorney for Plaintiff

Dated: *June 4, 2013*            BENJAMIN B. WAGNER
                                 United States Attorney
                                 DONNA L. CALVERT
                                 Acting Regional Chief Counsel, Region IX
                                 Social Security Administration

                             By: */s/ Sundeep R. Patel*
                                 SUNDEEP R. PATEL
                                 Special Assistant U. S. Attorney

                                **ORDER**

Pursuant to stipulation, it is so ordered.

Dated:  June 5, 2013

                                 _____
                                 CAROLYN K. DELANEY
                                 UNITED STATES MAGISTRATE JUDGE